UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:24-cv-00520-EFB (HC) |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SHERIFF, SACRAMENTO COUNTY, | |
| Respondent. | |

Petitioner, a pretrial detainee proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals that petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[1] In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief.

---

[1] The Court may apply the Rules Governing § 2254 Cases to petitions under § 2241. Rules Governing § 2254 Cases, R. 1(b)

1

       The court must abstain from hearing the instant petition under the doctrine of *Younger* abstention, because petitioner challenges his ongoing state criminal trial. As a matter of comity, federal courts abstain from enjoining a state prosecution except in exceptional circumstances where the danger of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971).

       *Younger* abstention in favor of a state proceeding is appropriate if the state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate the petitioner's federal claims. *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992). When a federal court abstains from hearing a case under the *Younger* principle, it must dismiss the pending action without prejudice. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

       Petitioner's claims are subject to *Younger* abstention. They challenge ongoing state proceedings that implicate the state's important interest in prosecuting crimes, and petitioner can adequately raise his claims in the state case. If this court were to grant the petition, such a ruling would interfere with the pending criminal prosecution. Plaintiff's petition does not present exceptional circumstances showing the danger of great and immediate irreparable harm.

       Because it appears from the face of the petition that petitioner is not entitled to relief, the petition must be summarily dismissed.

       Petitioner also asks that the Sacramento County criminal proceedings be stayed pending the outcome of this case. ECF No. 7. In light of the court's recommendation that the § 2241 petition be dismissed, a stay is not appropriate.

       Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

    2. The Clerk of Court randomly assign a district judge to this action.

It is further RECOMMENDED that:

    1. Petitioner's motion for a stay (ECF No. 7) be DENIED; and

    2. The court abstain from hearing the petition under *Younger v. Harris*, dismiss the petition without prejudice, and direct the Clerk of Court to terminate all pending

1 motions and close the case.

2 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE